**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DAVID LOSOYA,

          Plaintiff - Appellant,

   v.

WARDEN WOODFORD; et al.,

          Defendants - Appellees.

No. 09-17528

D.C. No. 5:05-cv-00509-JW

MEMORANDUM[*]

Appeal from the United States District Court
for the Northern District of California
James Ware, Chief Judge, Presiding

Submitted March 8, 2011[**]

Before:    FARRIS, O'SCANNLAIN, and BYBEE, Circuit Judges.

California state prisoner David Losoya appeals pro se from the district

court's judgment in his 42 U.S.C. § 1983 action alleging violations of his

constitutional rights. We have jurisdiction under 28 U.S.C. § 1291. We review de

novo the district court's grant of summary judgment. *Bruce v. Ylst*, 351 F.3d 1283,

---

     [*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

     [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

1287 (9th Cir. 2003). We review de novo the district court's dismissal based on failure to exhaust, and for clear error its factual findings. *O'Guinn v. Lovelock Corr. Ctr.*, 502 F.3d 1056, 1059 (9th Cir. 2007). We may affirm on any ground supported by the record, *id.*, and we affirm.

The district court properly granted summary judgment in favor of defendants on Losoya's due process claim because he failed to raise a genuine issue of material fact as to whether defendants are retaining him in the Security Housing Unit with insufficient evidence and denying him periodic reviews. *See Bruce*, 351 F.3d at 1287-88 (prison gang validation proceeding subject to the "some evidence" standard).

The district court properly dismissed Losoya's four remaining claims to the extent that they are based on events after February 2001 because he failed to properly exhaust the prison grievance process prior to filing suit. *See Ngo v. Woodford*, 539 F.3d 1108, 1109-10 (9th Cir. 2008) (affirming dismissal for failure to exhaust administrative remedies and rejecting continuing violations theory). To the extent that Losoya's four remaining claims are based on events prior to February 2001, dismissal was proper because they are time-barred. *See Cholla Ready Mix, Inc. v. Civish*, 382 F.3d 969, 974 (9th Cir. 2004) (explaining that, for § 1983 claims, federal courts borrow the applicable state's statute of limitations for

personal injury claims); *Knox v. Davis*, 260 F .3d 1009, 1013 (9th Cir. 2001) (a

§ 1983 "'claim accrues when the plaintiff knows or has reason to know of the

injury which is the basis of the action'" (citation omitted)); *see also* Cal. Civ. Proc.

Code § 335.1 (two-year statute of limitations for personal injury claims); Cal. Civ.

Proc. Code § 352.1(a) (prisoners entitled to two years of statutory tolling).

Losoya's remaining contentions are unpersuasive.

We construe Losoya's "Judicial Notice," received on August 12, 2010, as

his reply brief and order it filed. We decline to consider issues raised for the first

time in his reply brief. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

**AFFIRMED.**